■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH BRIGGS, Respondent.—Order, Supreme Court, New York County (Budd Goodman, J.), entered May 27, 1988, which set aside a jury verdict convicting defendant of assault in the second degree, unanimously affirmed.

The trial court, in setting aside the jury verdict pursuant to defendant's CPL 330.30 motion, conceded an abuse of discretion on its part in ruling on defendant's *Sandoval* motion. The court failed to consider the necessity of defendant's testimony regarding the defense of justification. While the burden of demonstrating the prejudicial nature of convictions sought to be used for impeachment purposes rests with the defendant, it is for the court to consider whether the validity of the fact-

finding process would be affected if the court's ruling had the effect of discouraging defendant from taking the stand *(see, People v Sandoval,* 34 NY2d 371, 375). Concern for validity of the fact-finding process becomes more acute when the defendant is the only source of material testimony in his own defense *(see, People v Sandoval, supra,* at 375). Here, defendant, whose apparent trial strategy was a claim of self-defense, and who argued at the *Sandoval* hearing that the court's ruling was "overkill" as to the number of convictions allowed for cross-examination purposes, was also the only witness available to present the justification defense in opposition to the testimony of the complainant and two eyewitnesses, who were friends of the complainant. Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.